UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

BETTY WHITEHEAD,                )
                                )
    Plaintiff,                  ) Action No. 5:16-CV-158-JMH
                                )
v.                              )
                                )
DOLLAR TREE STORES, INC.,       )
 et al.                         )      **MEMORANDUM OPINION**
                                )           **AND ORDER**
                                )
    Defendants.                 )
                                )

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the motion of Plaintiff, Betty Whitehead, to remand this matter to the Boyle Circuit Court. [DE 6]. Defendant has responded to Plaintiff's motion [DE 7], and Plaintiff has replied in further support of her motion [DE 8], thus, Plaintiff's motion is ripe for review. Having reviewed the motion, response, and reply, and being otherwise adequately advised, the Court will deny Plaintiff's motion to remand for the reasons set forth below.

*I. Background*

This case arises from an incident that occurred at a Dollar Tree Store in Danville, Kentucky on or about May 24, 2015. [DE 1-1]. Plaintiff, Betty Whitehead, alleges that, on or about that day, when she was shopping at the Dollar Tree in Danville, an employee of the store ran over her left foot with a cart full of

merchandise causing injuries to her left foot, ankle, and toe. *Id.* As a result of her alleged injuries, Plaintiff brought suit against Defendant Dollar Tree Stores, Inc. as well as John Doe, "Unknown Employee of Dollar Tree," asserting claims for negligence, negligent hiring and/or supervision, and respondeat superior and seeking damages for "medical expenses, both past and future, lost wages, both past and future, permanent impairment of power to earn money, past and future physical pain, suffering and mental anguish" and costs, attorney's fees, and pre-judgment and post-judgment interest. *Id.* Following Kentucky Rule of Civil Procedure 8.01(2), Plaintiff did not specify the amount of damages in her Complaint, but rather averred that the amount in controversy exceeded the minimum jurisdictional limit of the Boyle Circuit Court. *Id.*

After filing its Answer in Boyle Circuit Court [DE 1-7], on May 24, 2016, Defendant Dollar Tree filed a Notice of Removal to this Court, alleging federal jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) "in that there is complete diversity of citizenship between Plaintiff and Dollar Tree and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." [DE 1 at ¶4]. Following Dollar Tree's removal, on June 22, 2016, the Court ordered Dollar Tree to show cause why this matter should not be remanded to Boyle Circuit Court for failing to make evident that the amount in controversy in this

2

action exceeds $75,000. [DE 4]. On June 23, 2016, Plaintiff filed the instant motion to remand, arguing that Dollar Tree has failed to establish the amount in controversy and that there is likely a non-diverse party responsible for Plaintiff's injuries. [DE 6].

## II. Standard

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Therefore, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action, including the amount in controversy requirement. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979). That burden is not an insubstantial one. *McKinney v. ICG, LLC*, No. 13-cv-12, 2013 WL 1898632, at *1 (E.D. Ky. May 7, 2013).

Where, as here, the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the removing defendant must carry its burden by a preponderance of the evidence. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp v. Friend,* 530 U.S. 77 (2010). The

3

preponderance of the evidence test requires defendants to support their claims of jurisdiction by producing "competent proof" of the necessary "jurisdictional facts." *Gafford,* 997 F.2d at 160)(internal citations omitted). "Competent proof" can include affidavits, documents, or interrogatories. *Ramsey v. Kearns*, No. 12-cv-06, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012)(citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007)(internal citation omitted)).

If the defendant does not produce evidence showing it is more likely than not that the plaintiffs' claims exceed $75,000, the case must be remanded to state court. 28 U.S.C. § 1447. Federal courts are courts of limited jurisdiction, therefore, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.,* 264 F. Supp. 514, 515 (E.D. Ky. 1967).

### *III. Discussion*

Defendant Dollar Tree removed this case from state court, therefore, it has the burden of proving that the requirements of diversity jurisdiction, including the amount in controversy, are satisfied by a preponderance of the evidence. *McKinney v. ICG, LLC*, 2013 WL 1898632, at *2 (E.D. Ky. May 7, 2013).

In its Motion to Remand, Plaintiff argues that there is likely a non-diverse defendant, i.e., the Dollar Tree employee who was

4

pushing the shopping cart and allegedly responsible, in part, for her injuries. However, at this time, according to Plaintiff, she is unable to ascertain the identity of that individual other than a potential name of "Etty," thus, the employee is named as "Unknown Employee of Dollar Tree." [DE 1-1]. Because the citizenship of defendants sued under fictitious names shall be disregarded in determining whether an action is removable pursuant to 28 U.S.C. § 1441(b), Defendant, "Unknown Employee of Dollar Tree," must be disregarded for the purposes of determining diversity of citizenship. For this reason, the Court finds that there is complete diversity of citizenship here as Plaintiff is a resident of Danville, Boyle County, Kentucky, and Defendant Dollar Tree has a principal place of business in Virginia.

Regarding the amount in controversy, Dollar Tree states as follows in its Notice of Removal, filed on May 24, 2016:

> Prior to the filing of her Complaint, Plaintiff's counsel conveyed to Dollar Tree's third party administrator a settlement demand for $250,000.00. As a result of the alleged incident, Plaintiff claims injuries to her left lower extremity and alleges that she has developed complex regional pain syndrome and expects to undergo prolonged future medical treatment with specialists and therapists. Such treatment is reasonably anticipated to include surgery for partial amputation of her left lower extremity, pain management, and rehabilitation. The nature and extent of such treatment for the alleged condition is supported by the opinions and findings of Plaintiff's physicians as set forth in medical records provided to Dollar Tree. In support of her settlement demand, Plaintiff has also asserted that she has suffered

5

> occupational disability by virtue of the alleged injuries.
>
> Based upon the foregoing, Dollar Tree has reason to believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (See Affidavit of Counsel for Dollar Tree, attached as Exhibit 10).

[DE 1, Notice of Removal, at ¶10].

Plaintiff argues that the amount in controversy has not been met because, at the time of removal, Dollar Tree understood Plaintiff's medical expenses to be $10,200 and that when alleged injuries are not obviously grievous, a defendant should engage in discovery on the amount of discovery before removing the case. [DE 6]. Plaintiff further argues that her settlement demand letter, offering to settle the matter for $250,000, does not prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Id.*

While it is true that Plaintiff's demand letter, alone, does not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, a settlement letter is relevant evidence of the amount in controversy if it seems to reflect a reasonable estimate of the Plaintiff's claim. *Osborne v. Pinsonneault*, 2007 WL 710131 at *2 (W.D. Ky. 2007)(internal citations omitted); *May v. Wal-Mart Stores Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010).

Here, Plaintiff sent Dollar Tree a settlement letter for $250,000 [DE 1-10], which appears to the Court to reflect a

6

reasonable estimate of Plaintiff's claim as a result of her injury at the Dollar Tree, which includes damages for past medical bills in addition to damages for future medical expenses, lost wages, impairment of the ability to earn an income, pain, suffering, and emotional anguish. [DE 1-1 at ¶14]. Most importantly, in addition to the evidence of the settlement offer, Defendant offers the Supplemental Affidavit of its counsel, which explains that Plaintiff has had her lower leg amputated as a result of her injuries from the shopping cart as follows:

> The medical records confirm that Plaintiff's injuries to her left foot resulted in unrelenting and persistent pain due to the effects of chronic regional pain syndrome to the extent that Plaintiff chose the drastic treatment of amputation of her lower limb. The amputation occurred on May 20, 2016, prior to the removal of this action from State Court.

[DE 7-1].

While the Court must consider whether the amount in controversy was met at the time of removal, it is permissible nonetheless for the Court to consider information that may not have been available to Defendant at the time of removal, including the information regarding Plaintiff's limb amputation provided in the Supplemental Affidavit of Defendant's counsel [DE 7-1]. *See Holiday Drive-In, LLC v. Liberty Mutual Ins. Co.*, 2016 WL 868837 at *4 (W.D. Ky. 2016); *Puri v. Baugh*, 2015 WL 3796346 at *3 (W.D. Ky. 2015)(citing *Holland v. Lowe's Home Centers, Inc.*, WL 993959 at *2 (6th Cir. 1999)("[t]his Court may consider evidence of the

7

amount in controversy at the time of removal regardless of whether that evidence was produced (or available) at the time of removal."). Plaintiff's amputation occurred on May 20, 2016, which was prior to the removal of this action on May 24, 2016, therefore, the Court may consider evidence of the amputation submitted through the Supplemental Affidavit of Defendant's counsel in determining the amount in controversy. In amputation cases where a limb is lost, as here, there are compelling reasons to believe that the damages exceed $75,000. *See Burgett v. Troy-Bilt LLC*, 2011 WL 4715176 at *4 (E.D. Ky. Oct. 5, 2011).

In sum, the Court finds that Dollar Tree has met its burden of establishing diversity of citizenship and that Plaintiff's claim exceeds the amount in controversy requirement of 28 U.S.C. § 1332(a) by a preponderance of evidence, therefore, the Court must deny Plaintiff's motion to remand.

*IV. Conclusion*

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [DE 6] is **DENIED**.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge